UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER, ET AL.,

        Plaintiffs,

v.                                                  Civil Case No. 12-11087
                                                  Honorable Patrick J. Duggan

JUDITH S. GRACEY,

        Defendant.
_____/

## ORDER OF DISMISSAL

Plaintiffs filed this action alleging that Defendant Judith S. Gracey ("Ms. Gracey") engaged in legal malpractice apparently in representing Plaintiff Cinnamon Pierce ("Ms. Pierce") in Michigan court criminal proceedings. Plaintiffs further allege that Ms. Gracey violated Ms. Pierce's constitutional and civil rights. Plaintiffs have been granted leave to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915, this Court must dismiss Plaintiffs' lawsuit if the Court determines that the action is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.

2000). The Court also must dismiss the Complaint if it appears that federal subject matter jurisdiction is lacking. Federal district courts may exercise jurisdiction generally only over matters in which a federal question is raised and/or there is diversity between the parties (i.e. they are citizens of different States). *See* 28 U.S.C. §§ 1331, 1332. "[L]ack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile . . ." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2103, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.")

To the extent Plaintiffs allege that Ms. Gracey violated Ms. Pierce's civil rights, they must prove *inter alia* that Defendant acted under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)). Defense attorneys do not act under color of law, even when appointed by the court. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968); *see Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (explaining that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Thus, Plaintiffs' allegations against Ms. Gracey fail to satisfy an essential element of a civil rights action. Because Plaintiffs' civil rights claim is frivolous, their Complaint fails to assert a source for this Court to exercise subject matter jurisdiction over this action. *See*

*Michigan Souther R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (explaining that to show federal subject matter jurisdiction, the plaintiff must show that the complaint alleges a claim under federal law *and* the claim is substantial– i.e., not frivolous).  As the parties apparently are not citizens of different states, this Court lacks subject matter jurisdiction over Plaintiffs' legal malpractice claim.

For these reasons,

Plaintiffs' civil rights claim against Defendant is **SUMMARILY DISMISSED WITH PREJUDICE** and Plaintiffs' state law claim alleging legal malpractice against Defendant is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.  The Court further holds that an appeal from this order would be frivolous also and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

Date: April 5, 2012          s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE

Copy to:
Starellen Carter
532 E. Hazelhurst
Ferndale, MI   48220